O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORA MUNOZ,<br><br>    Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. EDCV 14-1767 RNB<br><br>ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

The sole disputed issue listed in the Joint Stipulation is whether the Administrative Law Judge ("ALJ") made a proper adverse credibility determination with respect to plaintiff's subjective symptom testimony. (See Jt Stip at 2.) The Court now rules as follows with respect to that issue.[1]

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). Under the "Cotton test," where the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. See Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991) (en banc).

Preliminarily, the Court notes that plaintiff's claim is directed to the ALJ's adverse credibility determination with respect to plaintiff's testimony about her subjective symptoms beginning on March 8, 2013. For an earlier closed period – from the alleged disability onset date of November 30, 2011 to March 7, 2013 – the ALJ found that plaintiff was "generally credible" and disabled within the meaning of the Social Security Act, based primarily on breast cancer. (See AR 19.) However, the ALJ found that plaintiff had obtained medical improvement and was no longer disabled as of March 8, 2013, because diagnostic imaging from March 2013 showed no more evidence of breast cancer. (See AR 21.)

During the administrative hearing, plaintiff testified that she still could not work because of degenerative disc disease in her cervical spine, post-surgery problems in her right trigger finger, depression, and a cognitive disorder; and that on account of her impairments, she was tired more often, drowsy from medication, and limited to sitting for an hour at a time and lifting a gallon of milk with her right hand. (See AR 38-39, 47-48.) Plaintiff also testified that her activities included household chores completed in "longer periods of time"; limited cooking with the help of her

son; washing floors, clothes, and dishes "with rest"; attending doctor's appointments three times per week; and walking half a mile. (See AR 40-43, 45.)

The ALJ determined that although plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms for the relevant period, plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were "not entirely credible" to the extent they were inconsistent with the ALJ's RFC assessment for the relevant period. (See AR 23.) In support of this adverse credibility determination, the ALJ proffered three reasons. (See id.) The Court finds that none of the three reasons was a legally sufficient reason on which the ALJ could properly rely in support of her adverse credibility determination.[2]

One of the reasons proffered by the ALJ was that although plaintiff had testified she was unable to lift more than a gallon of milk, the evidence did not support more than mild limitations with her fingers lasting more than 12 months. (See AR 23.) The Court finds that this vague and conclusory reason was legally insufficient because the ALJ failed to specify the evidence that supported her reasoning. See Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1103 (9th Cir. 2014) ("An ALJ's vague allegation that a claimant's testimony is not consistent with the objective medical evidence, without any specific findings in support of that conclusion, is insufficient for our review.") (citing Vasquez, 572 F.3d at 592) (internal quotation marks omitted); Parra v. Astrue, 481 F.3d 742, 750 (9th Cir. 2007) ("The ALJ must provide 'clear and convincing' reasons to reject a

---

[2] Although the Commissioner posits other possible reasons that the ALJ could have proffered for rejecting plaintiff's subjective symptom testimony (see Jt Stip at 12, 13), the Court cannot consider them because the ALJ did not actually articulate them as part of her adverse credibility determination. See Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003); Ceguerra v. Sec'y of Health and Human Svcs., 933 F.2d 735, 738 (9th Cir. 1991).

claimant's subjective testimony, by specifically identifying 'what testimony is not credible and what evidence undermines the claimant's complaints.'") (quoting Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995)); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993) ("It's not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible.").

Another reason proffered by the ALJ was that although plaintiff had testified she was unable to lift more than a gallon of milk because of her right finger problems, plaintiff nonetheless had acknowledged that she remained able to use her hands daily to wash dishes, fold clothes, and perform other household tasks. (See AR 23.) As an initial matter, the ALJ improperly relied on this evidence because the full context of plaintiff's statements about her activities reflected that plaintiff performed them over "long periods of time" and with rest and assistance (see AR 40-42). See Ghanim v. Colvin, 763 F.3d 1154, 1165 (9th Cir. 2014) (ALJ improperly relied on evidence of claimant's daily activities for adverse credibility determination where claimant stated she performed only limited activities, sometimes with help); Garrison v. Colvin, 759 F.3d 995, 1016 (9th Cir. 2014) (same where claimant stated she performed activities with assistance, on a limited basis, and with frequent rest); Reddick v. Chater, 157 F.3d 715, 722-23 and n.1 (9th Cir. 1998) (same where ALJ did not properly consider claimant's statements about her daily activities in full context, which indicated claimant performed them with weakness and fatigue, requiring periodic rest). Moreover, the Court fails to see an inconsistency between plaintiff's testimony that she was unable to lift more than a gallon of milk with her right hand and her ability to perform household tasks on this limited basis.

The sole remaining reason proffered by the ALJ was that although plaintiff had testified that her cervical spine problem had become worse, the record contained updated evidence that "document improvement in plaintiff's cervical functioning with continued physical therapy" and "do not illustrate a worsening in her condition."

4

(See AR 23; see also AR 490-98.) Specifically, the updated evidence cited by the ALJ included (1) a medical opinion diagnosing plaintiff with chronic cervical strain and cervical facetarthropathy and recommending a course of physical therapy; and (2) physical therapy notes reflecting that plaintiff had tolerated treatment well with no increase in pain and symptoms and recommending continued supervised rehabilitation. (See AR 490-98.) However, since the ALJ's other two reasons were legally insufficient to support her adverse credibility determination, this remaining reason cannot be legally sufficient by itself. See Robbins v. Social Sec. Admin., 466 F.3d 880, 884 (9th Cir. 2006) (where ALJ's initial reason for adverse credibility determination was legally insufficient, his sole remaining reason premised on lack of medical support for claimant's testimony was legally insufficient); Light v. Social Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997) ("[A] finding that the claimant lacks credibility cannot be premised wholly on a lack of medical support for the severity of his pain."); cf. Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical evidence *cannot form the sole basis for discounting pain testimony*, it is a factor that the ALJ can consider in his credibility analysis.") (emphasis added). Moreover, even if this sole reason arguably was valid, it is a weak reason based on this record because it is based on an isolated quantum of evidence about plaintiff's cervical spine and fails to address most of the record about plaintiff's symptoms for the relevant period, based on her post-surgery right finger problem, depression, and cognitive disorder; accordingly, it still would fail to satisfy the ALJ's duty under the "clear and convincing" standard. See Burrell v. Colvin, 775 F.3d 1133, 1139-40 (9th Cir. 2014) (reason that arguably was legally sufficient basis for adverse credibility determination but nonetheless was "weak on this record" was insufficient to satisfy ALJ's duty to provide "specific, clear and convincing" reasons) (citing Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) (an ALJ's conclusion cannot be affirmed "simply by isolating a specific quantum of supporting evidence")).

//

**CONCLUSION AND ORDER**

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

Where, as here, a claimant contends that she is entitled to an award of benefits because of an ALJ's failure to properly consider her subjective symptom testimony, the Court applies a three-step framework. See Treichler, 775 F.3d at 1099-1102; see also Burrell, 775 F.3d at 1141-42; Garrison, 759 F.3d at 1020. First, the Court asks whether the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion. Second, the Court determines whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful. Third, if the Court concludes that no outstanding issues remain and further proceedings would not be useful, the Court may find the relevant testimony credible as a matter of law and then determine whether the record, taken as a whole, leaves "not the slightest uncertainty as to the outcome of the proceeding." Treichler, 775 F.3d at 1100-01 (citations omitted). Only when all three elements are satisfied does a case raise the "rare circumstances" that allow the Court to exercise its discretion to remand for an award of benefits. See id.

As an initial matter, the Court notes that neither party has made any attempt to adequately brief the issue of the appropriate remedy in the event of reversal of the Commissioner's final decision.  (See Jt Stip at 15.)  This militates in favor of the Court exercising its discretion to remand for further proceedings.  See Vasquez v. Astrue, 572 F.3d 586, 597 (9th Cir. 2009) (remanding for further proceedings where neither party presented any argument about the effect of the ALJ's errors, meaning that there were no facts presented that clearly indicated the proper outcome).

Another consideration militating in favor of the Court exercising its discretion to remand for further proceedings is that the record contains no vocational expert testimony reflecting that a person could not work with the limitations described by plaintiff's subjective symptom testimony.  See Harman v. Apfel, 211 F.3d at 1172, 1180 (9th Cir. 2000) (remanding for further proceedings in part because there was no testimony from the vocational expert that the limitations established by the improperly discredited evidence would render claimant unable to engage in any work); see also Strauss v. Commissioner of the Social Sec. Admin., 635 F.3d 1135, 1138 (9th Cir. 2011) (same where the record does not demonstrate the claimant is disabled within the meaning of the Social Security Act).

Accordingly, IT IS HEREBY ORDERED that, pursuant to sentence four of 42 U.S.C. § 405(g), Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.[3]

DATED: May 15, 2015

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[3]  It is not the Court's intent to limit the scope of the remand.